**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

|  |  |
|---|---|
| **MACRONIX INTERNATIONAL CO., LTD.**, a Taiwanese corporation, | |
| Plaintiff, | **Civil Action No.: 3:13-cv-679-REP** |
| v. | |
| **SPANSION INC.**, a Delaware corporation, and **SPANSION LLC**, a Delaware limited liability company, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS**

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................ - 1 -

FACTUAL BACKGROUND ............................................................................................... - 2 -

I.    Nature and Stage of the Proceeding ...................................................................... - 2 -

II.   Parties ...................................................................................................................... - 3 -

III.  The Complaint ......................................................................................................... - 3 -

ARGUMENT ....................................................................................................................... - 4 -

I.    LEGAL REQUIREMENTS UNDER RULE 8(A) OF THE FEDERAL RULES
OF CIVIL PROCEDURE ........................................................................................ - 4 -

II.   MACRONIX HAS FAILED TO STATE A CLAIM OF INDIRECT
INFRINGEMENT ................................................................................................... - 6 -

      A.    Indirect Infringement Claims Must Contain More Detail than the Model
Claim in Form 18 ....................................................................................... - 6 -

      B.    Macronix Has Failed to State a Claim of Induced Infringement ................ - 6 -

      C.    Macronix Has Failed to State a Claim of Contributory Infringement ............. - 11 -

III.  MACRONIX HAS FAILED TO STATE A CLAIM FOR WILLFUL
INFRINGEMENT ................................................................................................. - 15 -

      A.    Willful Infringement Requires Knowledge of the Patent and the Risk of
Infringement ............................................................................................ - 15 -

      B.    Macronix Has Failed to State a Claim for Willful Infringement ................ - 16 -

IV.  MACRONIX'S AMENDED COMPLAINT DOES NOT COMPLY WITH THIS
COURT'S NOVEMBER 1, 2013 ORDER ............................................................ - 18 -

CONCLUSION ................................................................................................................. - 19 -

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Adiscov, LLC v. Autonomy Corp.*,
762 F. Supp. 2d 826 (E.D. Va. 2011) ...................................................................5, 6

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ...........................................................................................4, 6

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ...........................................................................................5, 6

*Clatterbuck v. City of Charlottesville*,
708 F.3d 549 (4th Cir. 2013) .................................................................................5

*Cronos Techs., LLC v. Camping World Inc.*,
No. 1:12-CV-147-R, 2013 WL 3936899 (W.D. Ky. July 30, 2013) ........................7

*DSU Med. Corp. v. JMS Co.*,
471 F.3d 1293 (Fed. Cir. 2006)..............................................................................7

*Francis v. Giacomelli*,
588 F.3d 186 (4th Cir. 2009) .................................................................................5

*Fred Hutchinson Cancer Research Ctr. v. BioPet Vet Lab, Inc.*,
No. 2:10cv616, 2011 WL 2551002 (E.D. Va. June 27, 2011)................................4

*Global–Tech Appliances, Inc. v. SEB S.A.*,
131 S. Ct. 2060 (2011)...................................................................................7, 11

*In re Bill of Lading Transmission and Processing Sys. Patent Litig.*,
681 F.3d 1323 (Fed. Cir. 2012)..............................................................................6

*In re Seagate Tech., LLC*,
497 F.3d 1360 (Fed. Cir. 2007)..............................................................15, 16, 17

*Lucent Techs., Inc. v. Gateway, Inc.*,
580 F.3d 1301 (Fed. Cir. 2009)............................................................................12

*MONEC Holding AG v. Motorola Mobility, Inc.*,
897 F. Supp. 2d 225 (D. Del. 2012)........................................................................9

*Nielsen Co. (US) LLC v. comScore, Inc.*,
819 F. Supp. 2d 589 (E.D. Va. 2011) .....................................................6, 7, 11, 12

*Pacing Techs., LLC v. Garmin Int'l, Inc.*,
  No. 12-CV-1067 BEN (WMC), 2013 WL 444642 (S.D. Cal. Feb. 5, 2013) ...............9, 15, 17

*PB & J Software, LLC v. Acronis, Inc.*,
  897 F. Supp. 2d 815 (E.D. Mo. 2012) ..........................................................................7, 13, 14

*Rembrandt Social Media, LP v. Facebook, Inc.*,
  No. 1:13cv158, 2013 WL 2950342 (E.D. Va. June 12, 2013) ........................................ passim

*Select Retrieval, LLC v. Bulbs.com Inc.*,
  No. 12-10389-TSH, 2012 WL 6045942 (D. Mass. Dec. 4, 2012) ....................................12, 13

*Select Retrieval, LLC v. L.L. Bean, Inc.*,
  No. 2:12-cv-00003-NT, 2012 WL 5381503 (D. Me. Oct. 31, 2012)............................8, 13, 14

*Superior Indus., LLC v. Thor Global Enters. Ltd.*,
  700 F.3d 1287 (Fed. Cir. 2012)..............................................................................................6

*Vita-Mix Corp. v. Basic Holding, Inc.*,
  581 F.3d 1317 (Fed. Cir. 2009).................................................................................7, 12, 13

*Walters v. McMahen*,
  684 F.3d 435 (4th Cir. 2012) ................................................................................................4

*Warner-Jenkinson Co., Inc. v. Hilton Davis Chem Co.*,
  520 U.S. 17 (1995)................................................................................................................19

STATUTES

35 U.S.C. § 271(b) .......................................................................................................4, 7, 9

35 U.S.C. § 271(c) .............................................................................................................4, 11

OTHER AUTHORITIES

Federal Rule of Civil Procedure 8(a) ...............................................................................4, 5, 11

Federal Rule of Civil Procedure 12(b)(6) ..............................................................................1, 4

Defendants Spansion, Inc. and Spansion LLC (collectively, "Spansion") respectfully request that this Court dismiss the Complaint for Patent Infringement (Dkt. 17) ("Amended Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

## INTRODUCTION

Plaintiff Macronix International Co., Ltd. ("Macronix"), a Taiwanese corporation with its principal place of business in Taiwan, sued Spansion, incorporated in Delaware with its principal place of business in Sunnyvale, California, alleging that Spansion's products infringe seven patents related to semiconductor technology. Spansion moves to dismiss Macronix's claims for induced infringement, contributory infringement, and willful infringement.[1]

First, Macronix has failed to adequately state a claim for induced infringement. Induced infringement claims require that the plaintiff plead facts sufficient to show that the defendant had knowledge of the asserted patents, knowledge of the alleged infringing conduct, and specific intent to induce the alleged infringing conduct. Macronix has asserted knowledge of only three of its seven asserted patents, and it has not alleged any facts showing that Spansion had knowledge of or specific intent to induce any third-party infringing conduct.

Second, Macronix has failed to adequately state a claim for contributory infringement. Contributory infringement, like induced infringement, requires that the defendant had knowledge of the patents and of the infringing conduct, neither of which Macronix has plead or supported with sufficient factual allegations. In addition, the plaintiff must plead facts sufficient to show that there are no substantial non-infringing uses for the defendant's accused

---

[1] Spansion expects to file a motion to transfer this case to the Northern District of California shortly.

products. Macronix has failed to allege that there are no substantial non-infringing uses of Spansion's accused products.

Third, Macronix has failed to adequately state a claim for willful infringement. Macronix has alleged willful infringement of three of the seven patents, but it has failed to provide any facts indicating that Spansion was aware of the asserted patents prior to Macronix's filing of this suit. Pre-suit knowledge is a critical element of a willful infringement claim, and this Court has previously dismissed willful infringement claims for failing to provide adequate factual support showing that the defendant plausibly had the requisite pre-suit knowledge. Here, Macronix has offered no facts at all from which this Court can infer that Spansion had the requisite knowledge of those three patents.

Finally, Macronix's Amended Complaint fails to comply with the requirements set out by this Court in its November 1, 2013 Order (Dkt. 13) for pleading direct infringement under theories of literal infringement and the doctrine of equivalents.

Macronix has therefore failed to state any claim for induced infringement, contributory infringement, or willful infringement and violated the Court's pleading requirements with respect to direct infringement, including literal infringement and infringement under the doctrine of equivalents. Accordingly, Spansion respectfully moves this Court to dismiss all direct, indirect and willful infringement claims in the Macronix Amended Complaint.

## FACTUAL BACKGROUND

### Nature and Stage of the Proceeding

This is a patent infringement case relating to U.S. Patent Nos. 5,619,052 ("the '052 Patent"); 5,836,772 ("the '772 Patent"); 5,998,826 ("the '826 Patent"); 6,031,757 ("the '757 Patent"); 6,421,267 ("the '267 Patent"); 8,341,324 ("the '324 Patent"); 8,341,330 ("the '330

Patent") (collectively, the "Macronix Patents" or the "patents-in-suit").  Macronix filed the

Complaint on October 2, 2013.  Service of the Complaint and Summons was completed on

October 8, 2013.  The Amended Complaint was filed on November 20, 2013.

**Parties**

According to the Complaint, Macronix is a corporation organized under the laws

of Taiwan, with a principal place of business in Hsin-chu, Taiwan. (Amended Complaint, ¶ 2.)

The patents-in-suit all list Macronix as the assignee.

Spansion, Inc. is a publicly-held Delaware corporation, headquartered in

Sunnyvale, California.  Spansion, Inc. is the parent company of Spansion LLC.  Spansion LLC is

a Delaware limited liability corporation, headquartered in Sunnyvale, California.

**The Complaint**

Macronix has asserted seven patents in this action.  For each patent, Macronix

asserts one count of "infringement" of the patent, without identifying the specific statutory basis

for the claim or the type of infringement alleged. (Amended Complaint, ¶¶ 20, 26, 32, 37, 43, 48,

53.)  Instead, for each patent, Macronix has alleged that "the Defendants have infringed, and

continue to infringe, the [Macronix Patents] by making, using, offering for sale, and/or selling

within the United States, and/or importing into the United States, products that practice the

inventions claimed in the [Macronix Patents] . . . ." (*Id.*)

As part of its basis for pleading jurisdiction and venue, Macronix has alleged that

Spansion has induced infringement in this District and others.  (Amended Complaint, ¶ 6.)

Macronix does not state which patents were infringed by inducement or what activities by

Spansion induced others to infringe those patents.  (Amended Complaint, ¶ 6.)  The allegation of

induced infringement is incorporated by reference into all seven infringement counts. (Amended

Complaint, ¶¶ 6, 19, 25, 31, 36, 42, 47, 52.)

For three of the patents, Macronix has also alleged willful infringement. (Amended Complaint, ¶¶ 22, 28, and 39.)  Like inducement, Macronix has alleged willful infringement in the section on jurisdiction and venue, and that allegation is incorporated by reference into all seven infringement counts.  (Amended Complaint, ¶¶ 6, 19, 25, 31, 36, 42, 47, 52.)  In its prayer for relief, Macronix seeks a judgment that Spansion infringed, directly and/or indirectly,[2] one or more claims of the Macronix Patents, a permanent injunction enjoining Spansion from infringing the Macronix Patents, and damages, including enhanced damages. (Amended Complaint, Prayer for Relief (a)-(f).)

## ARGUMENT

## I.    LEGAL REQUIREMENTS UNDER RULE 8(A) OF THE FEDERAL RULES OF CIVIL PROCEDURE

A Rule 12(b)(6) motion should be granted if the plaintiff fails to "state a 'plausible claim for relief'" under Federal Rule of Civil Procedure 8(a).  *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted).  Dismissal is required where the complaint does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (citation omitted) (internal quotation marks omitted); *see also Rembrandt Social Media, LP v. Facebook, Inc.*, No. 1:13cv158, 2013 WL 2950342, at *3 (E.D. Va. June 12, 2013) (to be published in F. Supp. 2d); *Fred Hutchinson Cancer Research Ctr. v. BioPet Vet Lab, Inc.*, No. 2:10cv616, 2011 WL 2551002 (E.D. Va. June 27, 2011) ("A complaint need not contain 'detailed factual allegations'

---

[2]    There are two types of indirect infringement: induced infringement, under 35 U.S.C. § 271(b), and contributory infringement, under 35 U.S.C. § 271(c).  Macronix does not indicate which theory of indirect inducement is at issue in this case. (*See generally* Amended Complaint.)

in order to survive a motion to dismiss, but the complaint must incorporate 'enough facts to state a belief that is plausible on its face.'") (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008)).

The complaint "must contain more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). "To discount such unadorned conclusory allegations, a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 679) (internal quotation marks omitted). "[N]aked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

The complaint must "allege facts that, if true, plausibly satisfy each element of the claims for which relief is sought." *Rembrandt*, 2013 WL 2950342, at *3. "If the complaint does not allege a sufficient factual basis to create a plausible inference that plaintiff is entitled to relief, then the motion to dismiss must be granted." *Id.*; *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 554 (4th Cir. 2013) (stating that a claim must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" (citation omitted) (internal quotation marks omitted)).

There are therefore two basic requirements to comply with Rule 8(a): "factual allegations and plausibility of those allegations." *Adiscov, LLC v. Autonomy Corp.*, 762 F. Supp. 2d 826, 829 (E.D. Va. 2011). Thus, pleading all of the elements of a claim is necessary but not sufficient to survive Rule 8(a). *See Twombly*, 550 U.S. at 555 ("[A] formulaic recitation of the

elements of a cause of action will not do."); *Adiscov*, 762 F. Supp. 2d at 829 ("What, at base, is insufficient is 'an unadorned, the-defendant-unlawfully-harmed-me accusation.'" (citation omitted)).

## II.    MACRONIX HAS FAILED TO STATE A CLAIM OF INDIRECT INFRINGEMENT

### A.    Indirect Infringement Claims Must Contain More Detail than the Model Claim in Form 18

Unlike direct infringement, Form 18 in the Appendix to the Federal Rules of Civil Procedure does not control the pleading standard for indirect infringement.  *Superior Indus., LLC v. Thor Global Enters. Ltd.*, 700 F.3d 1287, 1295 (Fed. Cir. 2012) ("Form 18 does not determine the sufficiency of pleading for claims of indirect infringement."); *In re Bill of Lading Transmission and Processing Sys. Patent Litig.*, 681 F.3d 1323, 1336 (Fed. Cir. 2012) ("Form 18 should be strictly construed as measuring only the sufficiency of allegations of direct infringement, and not indirect infringement.")  Instead, the general pleading standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), governs claims for indirect infringement.  *Superior Indus.*, 700 F.3d at 1295; *Bill of Lading*, 681 F.3d at 1337 ("Thus, the general principles of *Twombly* and *Iqbal* must be applied to indirect infringement claims."); *see also Nielsen Co. (US) LLC v. comScore, Inc.*, 819 F. Supp. 2d 589, 600 (E.D. Va. 2011).  Thus, pleading indirect infringement requires more specific allegations than the model direct infringement claim in Form 18.

### B.    Macronix Has Failed to State a Claim of Induced Infringement

#### 1.    Inducement Requires Specific Intent to Actively Aid and Abet Another's Infringement

"In order to prevail on an indirect infringement claim, a plaintiff must first demonstrate direct infringement [by someone other than the defendant], then establish that the

'defendant possessed the requisite knowledge or intent to be held vicariously liable.'" *Nielsen*, 819 F. Supp. 2d at 593 (alteration in the original) (citation omitted) (internal quotation marks omitted).  Establishing the requisite knowledge or intent "requires a showing that the alleged inducer knew of the patent, knowingly induced the infringing acts, and possessed a specific intent to encourage another's infringement of the patent."  *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009).  Specific intent requires "'knowledge of the existence of the patent that is infringed.'"  *Cronos Techs., LLC v. Camping World Inc.*, No. 1:12-CV-147-R, 2013 WL 3936899, at *4 (W.D. Ky. July 30, 2013) (quoting *Global–Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011)).  In addition, the defendant must have knowledge that the induced acts constituted patent infringement.  *See Global-Tech Appliances*, 131 S. Ct. at 2068 ("[W]e now hold that induced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement.").  The plaintiff "must prove that once the defendants knew of the patent, they 'actively and *knowingly* aid[ed] and abett[ed] another's direct infringement.'"  *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006) (alterations in original) (quoting *Water Techs. Corp. v. Calco, Ltd.*, 850 F.2d 660, 668 (Fed. Cir. 1988)).

Thus, to survive a motion to dismiss, a complaint must plead facts plausibly showing that defendants (1) knew of the asserted patent, (2) actively and knowingly aided and abetted another's direct infringement; and (3) knew that the other's actions constituted infringement.  *See Nielsen*, 819 F. Supp. 2d at 592-93; *PB & J Software, LLC v. Acronis, Inc.*, 897 F. Supp. 2d 815, 820-21 (E.D. Mo. 2012) (a complaint must "'contain facts plausibly showing that [defendants] specifically intended [others] to infringe the [patent-in-suit] and knew that [others'] acts constituted infringement.'" (alterations in original) (quoting *Bill of Lading*, 681

F.3d at 1339)); *see also Select Retrieval, LLC v. L.L. Bean, Inc.*, No. 2:12-cv-00003-NT, 2012 WL 5381503, at *4 (D. Me. Oct. 31, 2012) (dismissing claim for induced infringement where the "allegation rehashe[d] the elements of induced infringement, but the Complaint fail[ed] to supply any facts demonstrating the Defendant's knowledge and specific intent to encourage infringement").

A bare assertion of specific intent, however, is not enough: the plaintiff must also allege sufficient facts showing that it is plausible the defendant had actual knowledge of the patents and infringing conduct. *See Rembrandt*, 2013 WL 2950342, at *5 (dismissing indirect infringement claims because the plaintiff failed to allege sufficient facts indicating the defendants had the requisite knowledge). For example, in *Rembrandt*, this Court dismissed claims of indirect infringement despite explicit allegations that the defendants knew of the asserted patents. In that case, the plaintiff alleged four separate sources from which the defendant could have acquired the requisite pre-suit knowledge: (1) the defendant hired the same law firm for patent prosecution that had prosecuted the plaintiff's asserted '362 patent; (2) the defendant had been previously served with a complaint in a separate litigation for infringement of an unrelated patent that cited the '362 patent as prior art; (3) the defendant acquired two patents that listed the '362 patent as prior art; and (4) the original complaint provided the defendants with the requisite knowledge for both indirect and willful infringement. *Id.* at *3. This Court rejected all four factual allegations as insufficient to support an inference that the defendants had the requisite pre-suit knowledge. *Id.* at *5. Specifically, this Court found that "none of these facts gives rise to anything more than a conceivable possibility of knowledge of the [asserted patent], rather than a plausible inference that [Defendant] possessed such knowledge." *Id.* at *5.

Thus, if a plaintiff does not adequately plead specific intent, the claim must be dismissed. *See, e.g.*, *Pacing Techs., LLC v. Garmin Int'l, Inc.*, No. 12-CV-1067 BEN (WMC), 2013 WL 444642, at *2 (S.D. Cal. Feb. 5, 2013) (rejecting allegations of defendant's knowledge of the patents as "too speculative" where plaintiff alleged that defendant holds hundreds of patents, regularly conducts due diligence including patent searches and prior art searches related to relevant subject matter, and actively participates in the research, development, marketing, and sale of fitness products that compete with the plaintiff's product; also, plaintiff's website including the relevant patent numbers); *see also MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 232 (D. Del. 2012) ("This court has not been convinced of the sufficiency of pleadings charging knowledge that is based upon a defendant's participation in the same market, media publicity and unrelated litigation by the defendant's competitors concerning the relevant patent.").

2. <u>Macronix Has Failed to Adequately State a Claim for Induced Infringement</u>

Macronix has not explicitly pled induced infringement of any of its patents, but rather incorporates the concept by reference to the section alleging proper jurisdiction and venue. (*See, e.g.*, Amended Complaint, ¶¶ 6, 7.) In that section, Macronix stated that defendants have induced infringement by others in this District and elsewhere. (*See id.*) That specific allegation is disconnected from any specific patent, but is incorporated by reference into each count of infringement. (Amended Complaint, ¶¶ 19, 25, 31, 36, 42, 47, 52.) Beyond that, Macronix has made no other explicit mention of induced infringement and does not cite the statutory provision on which it would be based, 35 U.S.C. § 271(b). The only other possible reference to induced infringement appears in the prayer for relief, which requests relief against indirect infringement of the Macronix Patents. (Amended Complaint, Prayer for Relief (a)-(b).) Spansion is therefore

unable to determine from the Amended Complaint whether Macronix accuses Spansion of inducing infringement.

Assuming, however, that Macronix intended to assert induced infringement claims for all seven patents, such induced infringement claims should be dismissed because all seven counts fail to plead: (1) third-party direct infringement; (2) specific intent to induce infringement; and (3) knowledge of infringing third-party conduct. None of the counts alleged that Spansion actively aided and abetted infringing conduct or had knowledge that such third-party conduct constituted infringement. (Amended Complaint, Counts I-VII.) Indeed, Macronix has not identified any third-party infringement induced by Spansion.

At most, Macronix has alleged that Spansion had knowledge of Macronix's rights in three of the patents, but does not state that Spansion knew of third-party infringing conduct or actively aided and abetted infringement of those patents. (Amended Complaint, ¶¶ 22, 28, 39). In addition, for those three patents, Macronix has failed to provide any factual support showing that Spansion had the "full knowledge of Macronix's rights in [the '052, '772, and '757 Patents]" that Macronix alleged. (Amended Complaint, ¶¶ 22, 28, 39). Nor does the Amended Complaint explain what Macronix means by "full knowledge" — if, for instance, Macronix believes "full knowledge" means that Spansion had previously read the asserted patents, had knowledge that Macronix purported to hold an ownership interest in the patents, or some other interpretation. In sum, even where Macronix has alleged that Spansion knew of the asserted patent, Macronix has failed to factually support the allegation and failed to plead the other elements showing that Spansion induced others to infringe the patents.

Moreover, Macronix has not alleged that Spansion had *any* knowledge of the other four patents — the '826, '267, '324, and '330 Patents. Nor has Macronix attempted to

allege that Spansion was willfully blind or objectively reckless toward the '826, '267, '324, and '330 Patents. Indeed, Macronix has made no effort at all to provide any factual basis from which this Court could infer that Spansion had knowledge of these patents prior to this litigation.

By omitting any allegation of Spansion's knowledge of the patents and infringing third-party conduct, Macronix has both failed to plead critical elements of its inducement claims and failed to provide adequate factual basis in support of those claims. As in *Rembrandt*, even if Macronix claimed that Spansion knew of the Macronix Patents *and* knew of relevant infringing conduct, this Court would still need to analyze the sufficiency and plausibility of the factual allegations. Those factual allegations, however, do not exist because Macronix has declined to include them, and so the Court has nothing to measure against the pleading requirements of Rule 8(a).

Spansion therefore respectfully submits that Macronix has failed to state any claim for any induced infringement and requests, therefore, that all induced infringement claims be dismissed for failure to state a claim.

### C. Macronix Has Failed to State a Claim of Contributory Infringement

#### 1. Contributory Infringement Requires Facts Showing Defendant's Products Have No Substantial Non-Infringing Uses

Contributory infringement, like induced infringement, requires knowledge of the asserted patents. *See Global-Tech Appliances*, 131 S. Ct. at 2068 ("[W]e proceed on the premise that § 271(c) requires knowledge of the existence of the patent that is infringed."). In addition, a contributory infringement claim also requires that the plaintiff demonstrate direct infringement by a third-party and the requisite knowledge or intent to be held liable. *Nielsen*, 819 F. Supp. 2d at 594 ("In order to prevail on an indirect infringement claim, a plaintiff must first demonstrate direct infringement [by someone other than the defendant], then establish that the defendant

possessed the requisite knowledge or intent to be held vicariously liable.") (alteration in original) (citation omitted) (internal quotation marks omitted).  A claim for contributory infringement further requires the plaintiff "to show that the defendant's allegedly infringing component is a material part of the [allegedly infringed] invention and is not a staple article that has a substantial non-infringing use."  *Nielsen*, 819 F. Supp. 2d at 593 (alteration in original) (citation omitted) (internal quotation marks omitted).

In sum, a claim for contributory infringement requires the plaintiff to show:  (1) that there was direct infringement by a third-party; (2) that the defendant knew the combination for which the components were made was patented and infringed; and (3) that the defendant's accused products are material to the infringing activity and have no substantial non-infringing use.  *See Nielsen*, 819 F. Supp. 2d at 592-93; *see also Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1320 (Fed. Cir. 2009) ("'In order to succeed on a claim of contributory infringement, in addition to proving an act of direct infringement, plaintiff must show that defendant knew that the combination for which its components were especially made was both patented and infringing and that defendant's components have no substantial non-infringing uses.'") (quoting *Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1312 (Fed. Cir. 2005) (internal quotation marks omitted)); *Vita-Mix Corp.*, 581 F.3d at 1327 (finding plaintiff must show defendant sells "an apparatus for use in practicing a patented method, knowing it to be 'especially made or especially adapted for use in an infringement of such patent, and *not* a staple article or commodity of commerce *suitable for substantial non-infringing use*'" (alterations in original) (quoting 35 U.S.C. § 271(c))); *Select Retrieval, LLC v. Bulbs.com Inc.*, No. 12-10389-TSH, 2012 WL 6045942, at *5 (D. Mass. Dec. 4, 2012).  Substantial non-infringing uses are uses

that are "not unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental." *Vita-Mix Corp.*, 581 F.3d at 1327.

To state a claim for contributory infringement, the plaintiff must at least "'plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses.'" *PB & J Software*, 897 F. Supp. 2d at 820 (quoting *Bill of Lading*, 681 F.3d at 1337). The plaintiff must do more than "merely rehash the cause-of-action elements" to survive a motion to dismiss contributory infringement claims. *Select Retrieval*, 2012 WL 5381503, at *3 (dismissing contributory infringement claim where the plaintiff alleged that the defendant sold products to customers whose use constituted direct infringement, but complaint failed to allege sufficient facts to infer no substantial non-infringing use).

### 2. Macronix Has Failed to Plead No Substantial Non-Infringing Use and Other Essential Elements of a Contributory Infringement Claim

As with induced infringement, Macronix has not explicitly accused Spansion of contributory infringement. (Amended Complaint, Counts I-VII.) Instead, Macronix has incorporated by reference an allegation of induced infringement from the section on jurisdiction and venue, (Amended Complaint, ¶¶ 19, 25, 31, 36, 42, 47, 52), and requested a judgment of indirect infringement in its Prayer for Relief. (Amended Complaint, Prayer for Relief.)

Assuming that Macronix intended to accuse Spansion of contributory infringement, such claims must fail because Macronix has not plead any facts showing three essential elements of contributory infringement: (1) that there was or has been direct infringement by a third-party of any of Macronix's patents, (2) that Spansion knew its products infringe Macronix's patents; and (3) that Spansion's products have no substantial non-infringing use. *See Select Retrieval*, 2012 WL 6045942, at *6. Other courts have dismissed as insufficient contributory infringement claims that merely stated that there are no substantial non-infringing

uses.  *See PB & J Software*, 897 F. Supp. 2d at 820 (dismissing contributory infringement claims where plaintiff failed to "plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses" (quoting *Bill of Lading*, 681 F.3d at 1337)); *Select Retrieval*, 2012 WL 5381503, at *3 (dismissing contributory infringement claim where the complaint alleged that the defendant's accused products and services "have no substantial non-infringing uses" and defendant provided such products and services to customers "whose use of such services and products constitutes direct infringement of the [asserted patent]." (internal quotation marks omitted))  Here, by contrast, Macronix has not even alleged that Spansion's accused products have no substantial non-infringing use.

In addition, Macronix has failed to provide any factual allegations from which this Court could at least infer that Spansion knowingly contributed to third-party direct infringement.  *Cf. Select Retrieval*, 2012 WL 5381503, at *3 (finding no factual basis for contributory infringement claim where plaintiff only stated that the accused products and services have no substantial non-infringing use and that customers' use of those products and services constitutes direct infringement).  Macronix also has not stated that Spansion knew that Spansion's accused products were suitable for infringing Macronix's Patents, nor has Macronix alleged that Spansion's products contribute to any third-party direct infringement.

Macronix has thus failed to plead the basic elements of a claim for contributory infringement or provide sufficient notice to Spansion of the accusations or claims against it. Spansion therefore respectfully requests that all claims for contributory infringement be dismissed.

## III.    `MACRONIX HAS FAILED TO STATE A CLAIM FOR WILLFUL INFRINGEMENT

### A.    Willful Infringement Requires Knowledge of the Patent and the Risk of Infringement

A claim for enhanced damages must be premised on willful infringement. *Rembrandt*, 2013 WL 295034, at *6 (citing *Beatrice Foods Co. v. New England Printing & Lithographing, Co.*, 923 F.2d 1576, 1578 (Fed. Cir. 1991)).  The legal elements for willful infringement require the plaintiff to establish that the defendant had knowledge of the patents and of the risk of infringement.  Specifically, the plaintiff must show "by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent."  *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007).  Willful infringement therefore requires "at least a showing of objective recklessness." *Id.*  In addition, "the patentee must also demonstrate that this objectively-defined risk . . .  was either known or so obvious that it should have been known to the accused infringer." *Id.*  However, "[a] mere allegation of actual knowledge [of the asserted patent], without more, is . . . fatal." *Pacing Techs.*, 2013 WL 444642, at *3 (citations omitted) (internal quotation marks omitted).

A complaint with only a "bare recitation of the required legal elements for willful infringement" will not survive a motion to dismiss.  *Id.* (internal quotation marks omitted) (quoting *Robert Bosch Healthcare Sys., Inc. v. Express MD Solutions, LLC,* No. C 12–00068 JW, 2012 WL 2803617, at *3 (N.D. Cal. July 10, 2012)).  Importantly, "an allegation of willful infringement must depend upon *pre-suit knowledge* of the patent in issue." *Rembrandt*, 2013 WL 2950342, at *6 (emphasis added).  Willful infringement therefore cannot be based solely on knowledge of the patents that arises from the service or filing of the lawsuit.  *Id.* at *1; *see also id.* at *6 ("To conclude otherwise would lead to the anomalous result that every lawsuit alleging

- 15 -

infringement could include a willful infringement claim based on simply the filing or the serving of the complaint."); *In re Seagate*, 497 F.3d at 1374.

For example, this Court in *Rembrandt* recently applied the willful infringement elements in *In re Seagate* to dismiss claims for failure to adequately allege that the defendants had pre-suit knowledge of the patents. The plaintiff in that case had asserted four sources from which the court could have inferred the defendants had knowledge of the patents, but the court found that "[a]t most, [Plaintiff] has pled various facts that make it conceivable that [Defendant] might have learned about the patents in issue, but [Plaintiff] has not pled *sufficient facts* to invite the plausible inference that [Defendant] had the requisite pre-suit knowledge of either patent." *Rembrandt*, 2013 WL 2950342, at *6 (emphasis added). Thus, this Court dismissed the claims for willful infringement because the facts in the complaint did not adequately support the plaintiff's allegation of pre-suit knowledge. *Id.*

**B.**     **Macronix Has Failed to State a Claim for Willful Infringement**

Here, Macronix has failed to state a claim for willful infringement either because Macronix failed to allege any knowledge or willful infringement of the patent, or because Macronix failed to plead facts showing that Spansion had knowledge of the patents prior to the litigation.

1.     Macronix Has Failed to Allege *Any* Willful Infringement or Knowledge of '826, '267, '324, and '330 Patents

While Macronix has generally requested enhanced damages for its claims, it has failed to allege any willful infringement or knowledge of the '826, '267, '324, and '330 Patents. To the extent Macronix requests relief or enhanced damages for those patents, the claims should be dismissed because Macronix has not made any allegation of willful infringement of those patents. Macronix has not even attempted to make a "bare recitation of the elements" of willful

infringement for these patents.  Moreover, Macronix has not alleged any pre-suit knowledge of those patents or "objective recklessness" with respect to the risk of infringement as required under *In re Seagate* to establish a finding of willful infringement.  Macronix also has not alleged any connection between those patents and Spansion's product lines that could create an objective risk of infringement.  Finally, any knowledge that Spansion acquired of those patents from the Complaint cannot support a willful infringement claim going forward because willful infringement must depend on pre-litigation conduct.  *Rembrandt*, 2013 WL 2950342, at *6.

Therefore, Macronix has failed to state a claim for willful infringement of the '826, '267, '324, and '330 Patents, and the request for enhanced damages for infringement of those patents should be dismissed.

2. Macronix Has Failed to Allege Facts Demonstrating Pre-Suit Knowledge of Any Patents

Macronix has not adequately pled pre-suit knowledge of any of the alleged patents.  Macronix has alleged that "Defendants' acts of infringement herein have been made with full knowledge of Macronix's rights in the ['052, '772, '757] patent[s]," (Amended Complaint, ¶¶ 22, 28, 39), but did not specify when or how Spansion acquired knowledge of Macronix's rights, whether, when, or how Spansion acquired knowledge of the patents' claims, or whether, when, or how Spansion acquired knowledge that those patents relate to any of Spansion's product lines.  Macronix's bare allegation of willful infringement is fatal to its claim. *See Rembrandt*, 2013 WL 2950342, at *6; *Pacing Techs.*, 2013 WL 444642, at *3.  Unlike the plaintiff in *Rembrandt*, Macronix has not alleged any facts indicating that Spansion had knowledge of any of Macronix's patents prior to the filing of the Complaint.  In *Rembrandt*, this Court rejected a complaint that provided *four* separate potential sources of the defendant's pre-suit knowledge of the asserted patents.  2013 WL 2950342, at *3.  Here, Macronix has not

identified any sources from which Spansion acquired knowledge of Macronix's patents, and instead relies only on the bare assertion that Spansion's alleged infringement was "made with full knowledge" of Macronix's patents. Again, Macronix has not elucidated what "full knowledge" entails, and whether Macronix has any basis to suggest Spansion knew the subject matter or content of the asserted Macronix Patents. Accordingly, due to Macronix's lack of any factual allegations showing that Spansion had the requisite pre-suit knowledge of the Macronix Patents, Spansion respectfully moves to dismiss Macronix's claims for willful infringement and enhanced damages.

## IV.     MACRONIX'S AMENDED COMPLAINT DOES NOT COMPLY WITH THIS COURT'S NOVEMBER 1, 2013 ORDER

The November 1, 2013 Order of this Court required that the Plaintiff amend its complaint to "recite[] the specific claim or claims which are alleged to be infringed, and the elements thereof that are alleged to be infringed by the allegedly infringing product, and how that product is alleged to infringe those elements." (Dkt. 13 at 1.) The Order required the same detail for "the alleged infringement under the doctrine of equivalents. *Id*.

Contrary to this Court's Order, Macronix's Amended Complaint does not explain *how* each product is alleged to literally infringe or infringe under doctrine of equivalents for each element, nor which claims it contends are infringed literally and which are infringed by the doctrine of equivalents. With respect to how each product allegedly infringes, Macronix says only *that* each element is infringed and then merely parrots the claim language for each element. (*See* Amended Complaint ¶¶ 21, 27, 33, 38, 44, 49, 54.) Further, it is unclear from the Amended Complaint whether Macronix contends that *all* of the claims (or elements) identified in its Amended Complaint are literally infringed, or whether only some of them are literally infringed, while others are infringed under the doctrine of equivalents. Macronix states only that the

accused products "infringe, literally and/or under the doctrine of equivalents" (*see* Amended Complaint ¶¶ 20, 26, 32, 37, 43, 48, 55) and that "each of [Defendants'] . . . Products satisfies all elements of at least the aforementioned claims . . . literally and/or under the doctrine of equivalents" (*see* Amended Complaint ¶¶ 21, 27, 33, 38, 44, 49, 54).  Further, Macronix includes no doctrine of equivalents analysis whatsoever as to what "insubstantial differences" exist between the asserted claims and the accused products and whether the substitute element in the accused product "matches the function, way, and result of the claimed element."  *See Warner-Jenkinson Co., Inc. v. Hilton Davis Chem Co.*, 520 U.S. 17, 36 & 40 (1995).  Because Macronix's Amended Complaint fails to comply with this Court's Order, Spansion respectfully moves to dismiss Macronix's claims for direct infringement, including literal infringement and infringement under doctrine of equivalents.

## CONCLUSION

For the foregoing reasons, Spansion respectfully requests this Court grant its motion.

SPANSION INC.
SPANSION LLC


By_____/s/_____
            Of Counsel

Dabney J. Carr, IV, VSB #28679
Robert A. Angle, VSB #37691
Stanley W. Hammer, VSB #82181
**TROUTMAN SANDERS LLP**
P. O. Box 1122
Richmond, Virginia 23218-1122
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
stanley.hammer@troutmansanders.com

Andrew N. Thomases (*pro hac vice to be filed*)
Ropes & Gray LLP
1900 University Avenue, 6th Floor
East Palo Alto, CA 94303
Telephone: 650-617-4712
Facsimile: 650 566 4275
andrew.thomases@ropesgray.com

Nicole M. Jantzi (*pro hac vice to be filed*)
Megan F. Raymond (*pro hac vice to be filed*)
Ropes & Gray LLP
700 12th St. NW Suite 900
Washington, DC 20005
Telephone: 202 508 4600
Facsimile: 202 508 4650
nicole.jantzi@ropesgray.com
megan.raymond@ropesgray.com

*Counsel for Defendants*
*Spansion Inc. and Spansion LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of December, 2013, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which then will send automatic notification of such filing (NEF) to the following:

Charles B. Molster, III
CMolster@winston.com
Vivian S. Kuo
vkuo@winston.com
Andrew R. Sommer
asommer@winston.com
Joseph C. Masullo
jmasullo@winston.com
Winston & Strawn LLP
1700 K Street, N.W.
Washington, D.C. 20006

Michael M. Murray
mmurray@winston.com
Winston & Strawn LLP
200 Park Avenue
New York, NY 10166

Luke A. Culpepper
lculpepper@winston.com
Winston & Strawn LLP
1111 Louisiana Street, 25th Floor
Houston, TX 77002

**Counsel for Plaintiff,**
**Macronix International Co.**

_____/s/_____
Dabney J. Carr, IV, VSB #28679
Robert A. Angle, VSB #37691
Stanley W. Hammer, VSB #82181
**TROUTMAN SANDERS LLP**
P. O. Box 1122
Richmond, Virginia 23218-1122
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
dabney.carr@troutmansanders.com
robert.angle@troutmansanders.com
stanley.hammer@troutmansanders.com
*Counsel for Defendants Spansion Inc.*
*and Spansion LLC*
